UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05208-SVW-PVC | Date | July 22, 2026 |
| Title | *Maria Ayme Lopez v. Cadence Senior Living, LLC et al* | | |

**JS-6**

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| | |
|---|---|
| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [26] AND DENYING DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINT [27]

## I. Introduction

Before the Court are Plaintiff Maria Ayme Lopez's motion to remand and Defendants Cadence Senior Living, LLC and Cadence SL Royale, LLC's (collectively, "Defendants") motion to strike Plaintiff's amended complaint. Plaintiff's Motion to Remand ("Remand Mot."), ECF No. 26; Defendants' Motion to Strike Amended Complaint ("Strike Mot."), ECF No. 27. For the following reasons, Plaintiff's motion is GRANTED and Defendants' motion is DENIED.

## II. Background

On March 12, 2026, Plaintiff filed her complaint in the Superior Court of California, County of Los Angeles against Defendants CADENCE SENIOR LIVING, LLC and CADENCE SL ROYALE, LLC, alleging: (1) retaliation in violation of FEHA; (2) retaliation in violation of Labor Code § 1102.5; (3) age discrimination; (4) disability discrimination; (5) failure to accommodate disability; (6) wrongful termination in violation of FEHA; (7) wrongful termination in violation of public policy; (8) failure to engage in the interactive process; and (9) failure to prevent discrimination and retaliation. *See* Complaint,

:

Initials of Preparer DT

ECF No. 4-1. Defendants removed the case to federal court on May 14, 2026, on the basis that this Court has diversity subject matter jurisdiction over the action. Notice of Removal, ECF No. 1, ¶¶ 7-23.

On June 3, 2026, Plaintiff filed a First Amended Complaint, adding Studio Royale and Ernest Lewis as defendants in this action. *See* First Amended Complaint ("FAC"), ECF No. 17. On June 15, 2026, Plaintiff brought a motion to remand, contending that Studio Royale and Ernest Lewis are California citizens and thus their joinder destroys this Court's diversity jurisdiction. *See* Remand Mot. On June 17, 2026, Defendant filed a motion to strike the First Amended Complaint based on two grounds: (1) the FAC was untimely filed under Rule 15; and (2) joining diversity-destroying defendants would be inappropriate under 28 U.S.C. § 1447(e). *See* Strike Mot.

## III. Legal Standard

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). As such, a federal court can exercise jurisdiction over actions only where a federal question exists, or where there is both complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997).

Remand may be granted for a defect in the removal procedure or for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A plaintiff's motion to remand may raise either a facial attack or factual attack on the defendant's jurisdictional allegations. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the defendant's allegations but asserts that they are insufficient

on their face to invoke federal jurisdiction." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (cleaned up). In contrast, a factual attack contests the truth of the allegations themselves. *Id.* at 699. "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence," that jurisdiction exists. *Id.*; *see Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In analyzing a motion to remand, courts may consider summary-judgment-type evidence submitted by the parties. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

## IV. Discussion

A central question before the Court is what standard applies in a case where a plaintiff, as here, attempts to join diversity-destroying defendants following removal. Whereas Rule 15(a) would normally allow a plaintiff to add a new party as a matter of right as long as she does so within 21 days of a responsive pleading, *see* Fed. R. Civ. P. 15(a), 28 U.S.C. § 1447(e) gives district courts discretion to allow or deny joinder when a plaintiff seeks to add diversity-destroying defendants. In essence, the question is: do we allow Plaintiff to amend her complaint as a matter of course under Rule 15 or perform a multi-factorial analysis under § 1447(e)? This tension has given rise to a split among district courts in this Circuit. *Garcia v. Welltower OpCo Grp., LLC*, 2023 WL 2612605, at *5 (C.D. Cal. Mar. 23, 2023) (collecting cases recognizing the split in authority).

The Court is reluctant to resolve this issue without clear authority from the Supreme Court or Ninth Circuit, especially in light of the split among district courts. In situations such as this one where there are doubts as to whether federal jurisdiction exists, these doubts must be "resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). Accordingly, remanding the case is the appropriate course of action. *See Toth v. Envivo, Inc.*, 2013 WL 5596965, at *2 (N.D. Cal. Oct. 11, 2013) (granting motion to remand after noting that provisions in the Securities Act created a split in authority among district courts—unaddressed by the Ninth Circuit—as to whether a particular securities case could be removed and that doubts should be resolved against removability).

:

Initials of Preparer DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05208-SVW-PVC | Date | July 22, 2026 |
| Title | *Maria Ayme Lopez v. Cadence Senior Living, LLC et al* | | |

**JS-6**

## V. Conclusion

For the foregoing reasons, this Court GRANTS Plaintiff's motion to remand and DENIES Defendants' motion to strike Plaintiff's complaint.

**IT IS SO ORDERED.**

:

Initials of Preparer DT